FILED
 2019 Jul-29  PM 02:53
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT ALABAMA

| | |
|---|---|
| JERRY & LOUISE TRAWICK and MARILYN BJORNAS, individually and as Executor of the Estate of RICHARD BJORNAS and CHAD & MICHELLE GREER,<br><br>  Petitioners,<br><br>v.<br><br>BERTHEL FISHER & COMPANY FINANCIAL SERVICES, INC., JERRY D. McCUTCHEN, SR., THOMAS BERTHEL, RONALD BRENDENGEN, and RICHARD MURPHY,<br><br>  Respondents. | Civ. No.:<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioners Jerry & Louise Trawick ("Trawicks"), Marilyn Bjornas, individually and as executor of the Estate of Richard Bjornas ("Mrs. Bjornas"), and Chad & Michelle Greer ("Greers"), by and through their undersigned attorneys, move pursuant to 9 U.S.C. §§ 9 and 13, to Confirm the unanimous Arbitration Award served on July 15, 2019 in the matter of *Jerry Trawick, et al. v. Berthel Fisher & Company Financial Services, Inc., Jerry D. McCutchen, Sr., Thomas Berthel, Ronald Brendengen, and Richard Murphy*, FINRA No. 17-01368, a true and correct copy of which is attached as **Exhibit A** hereto ("Arbitration Award"). In support thereof, Petitioners state as follows:

## JURISDICTION AND VENUE

1.      This Petition is made pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*.

2.     Petitioners bring this action pursuant to the Federal Arbitration Act (FAA) 9 U.S.C. § 9, to confirm the arbitration award served on July 15, 2019 in an arbitration between Petitioners and Respondents, administered by the Financial Industry Regulatory Authority, and entry of judgment thereon pursuant to 9 U.S.C. § 13.

3.     Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While the FAA does not "bestow. . . federal jurisdiction but rather requires an independent jurisdictional basis," *see, e.g.*, *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008), federal courts "look through" FAA petitions to the underlying arbitral claims in order to determine the existence of federal subject matter jurisdiction. Where the underlying claims arise under federal law, federal question jurisdiction exists under 28 U.S.C. § 1331. *See generally Morgan Keegan & Co. v. Shadburn,* 829 F. Supp. 2d 1141, 1142-43 (M.D. Ala. 2011); *Cmty. State Bank v. Strong,* 485 F.3d 597, 600 (11th Cir. 2007), *reh'g en banc granted*, *opinion vacated*, 508 F.3d 576 (11th Cir. 2007), *vacated*, 565 F.3d 1305 (11th Cir. 2009) (if any dispute "to-be-arbitrated states a federal question, the district court has subject matter jurisdiction over the petition to compel."); *Ortiz-Espinosa v. BBVA Secs. of P.R., Inc.*, 852 F.3d 36 (1st Cir. 2017); *see also Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).

4.     Here, federal subject matter jurisdiction exists because Petitioners asserted at least some arbitral causes of action arising under federal securities laws, as recognized by the Arbitrators' Award. *See* Exhibit A at p. 2. Because Petitioners' arbitral claims arose in part under the federal securities laws, this Court has subject matter jurisdiction over this Petition to Confirm Arbitration Award under the "look through" test.

5. This court has personal jurisdiction over the parties, pursuant to Section 9 of the FAA, because FINRA set the arbitration venue for the case in Birmingham and the majority of the hearing took place in this District. While the parties did also meet in Atlanta for a portion of the arbitration hearing, the entire remainder of the arbitration proceeding, from initial case filing forward, were all specified as a Birmingham, Alabama venue by FINRA.

6. This Court is a proper venue for this proceeding pursuant to the FAA, 9 U.S.C. § 9, because the majority of the arbitration proceedings took place in Jefferson County, Alabama and because the parties agreed that "a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment" as set forth in the Financial Industry Regulatory Authority ("FINRA") Arbitration Submission Agreement.

7. The parties submitted their dispute under the Agreement to arbitration before a FINRA Panel, which arbitration was conducted pursuant to the FINRA Code of Arbitration for Customer Disputes and the provisions of the FAA. Petitioners claims centered on investment recommendations and other misconduct of the Respondents which resulted in substantial losses to Petitioners life savings and retirement savings.

8. After twenty hearing sessions, during which twelve witnesses testified, including numerous Berthel representatives and four expert witnesses (three of whom were called by Respondents), the introduction of in excess of 100 exhibits, the submission of pleadings, briefs and post-hearing materials, the Panel decided in full and final resolution of the issues submitted for determination after the parties were granted a full and complete opportunity to be heard.

9. The Arbitration Award granted Petitioners the total amount of $1,161,115, plus interest running from the date of service of the Award. *See* Exhibit A. This Court should confirm the Arbitration Award served on July 15, 2019, and enter judgment in favor of Petitioners and against Respondents pursuant to 9 U.S.C. § 9.

## ARGUMENT

10. The "district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony. Most importantly, the Federal Arbitration Act expresses a **presumption that arbitration awards will be confirmed**. Section 9 of the Act provides that if the parties have agreed to judicial confirmation of the award, then 'the *court must grant such an order* [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932-33 (11th Cir. 1990) (citations omitted, italics and brackets in original, bold emphasis added).

11. There is "**a heavy presumption**" in favor of confirming arbitration awards, and "**confirmation of an arbitration award is usually routine or summary**." *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842–43 (11th Cir. 2011) (emphasis added) (also noting that district court review of arbitration awards is "circumscribed, as arbitrators 'do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party.'"). "The Supreme Court has read §§ 9–11 of the FAA as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can render informal arbitration merely a prelude to a more cumbersome

and time-consuming judicial review process, and bring arbitration theory to grief in post-arbitration process." *Id.* at 845.

12.  Consistent with the purpose of the FAA to efficiently resolve disputes without burdening the courts, "[j]udicial review of arbitration awards is '**narrowly limited**,' and the FAA presumes that arbitration awards will be confirmed." *Gianelli Money Purchase Plan & Tr. v. ADM Inv'r Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998) (emphasis added) (citations omitted).

13.  Section 9 of the FAA provides that at any time within one year after the arbitration award is made, any party to the arbitration may apply to the court for an order confirming the award. Section 9 further provides that the court must enter an order confirming the arbitration award unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of the Federal Arbitration Act. This Petition to Confirm is timely brought within one year of the date that the FINRA Arbitration Award was issued. The Arbitration Award has not been vacated or modified.

14.  "The party seeking vacatur has the burden to overcome the strong presumption ... that the arbitration award should stand… Although Plaintiffs fervently maintain that the arbitrator's decision was wrong, this is no reason to vacate the award. *See Wiand v. Schneiderman*, 778 F.3d 917, 926 (11th Cir. 2015) (holding that a court "may revisit neither the legal merits of the award nor the factual determinations upon which it relies"); *Aviles v. Charles Schwab & Co.*, 435 Fed.Appx. 824, 829 n. 7 (11th Cir.2011) (per curiam) ("[A]n incorrect legal conclusion by an arbitrator [is] no ground for setting aside an arbitration ruling."). The fact that Plaintiffs submitted their claims to the arbitrator and the arbitrator considered and resolved these claims at arbitration is enough to preclude vacatur." *V5 Investments, LLC v. GoWaiter Bus. Holdings, LLC*, 210 F. Supp. 3d 1329, 1332–33 (M.D. Fla. 2016).

15. "The FAA presumes that arbitration awards will be confirmed and enumerates only four narrow bases for vacatur." *Davis v. Prudential Secs., Inc.*, 59 F.3d 1186, 1190 (11th Cir. 1995). Indeed, "Section 9 of the FAA provides that . . . the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) (italics in original). Here, the arbitration award has not been vacated, modified, or corrected, and there are no bases for vacating, modifying, or correcting the award. Thus, the unanimous Arbitration Award is clear and unambiguous and should be confirmed.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioners respectfully requests that the Court enter an Order confirming the Arbitration Award in the matter and directing the entry of final judgment in favor of Petitioners and against Respondents as specified in the Arbitration Award:

1. For the Trawicks:
    a. Against all Respondents jointly and severally, for the Trawicks the amount of $231,827.00 in compensatory damages and interest on the amount at the 7.5% per annum rate from the date of service of the Award.
    b. Against Berthel Fisher, punitive damages in the amount of $50,000.00.
    c. Against Jerry McCutchen, punitive damages in the amount of $10,000.00.
2. For Mrs. Bjornas:
    a. Against all Respondents jointly and severally, for Mrs. Bjornas the amount of $220,288.00 in compensatory damages and interest on the amount at the 7.5% per annum rate from the date of service of the Award.
    b. Against Berthel Fisher, punitive damages in the amount of $50,000.00.

  c. Against Jerry McCutchen, punitive damages in the amount of $10,000.00.

3. For the Greers:

  a. Against all Respondents jointly and severally, for the Greers the amount of $169,420.00 in compensatory damages and interest on the amount at the 7.5% per annum rate from the date of service of the Award.

  b. Against Berthel Fisher, punitive damages in the amount of $50,000.00.

  c. Against Jerry McCutchen, punitive damages in the amount of $10,000.00.

4. For all Petitioners:

  a. Against all Respondents jointly and severally attorney's fees in the amount of $248,614.00

  b. Against all Respondents jointly and severally costs and other damages of $110,966.00.

5. Such other and further relief as the Court may deem just, fair, and equitable, including such other costs and fees related to this action as may be contemplated by and recoverable under Rule 54 of the Federal Rules of Civil Procedure.

**Dated: July 26, 2019**

**/s/ Peter J. Mougey**
Peter J. Mougey, Esq.
Michael C. Bixby, Esq. (*pro hac* to be filed)
LEVIN, PAPANTONIO, THOMAS
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Telephone: (850) 435-7068
Facsimile: (850) 436-6068
mailsec@levinlaw.com