FILED
2020 Jan-29 PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  | |
|---|---|---|---|
| **JERRY TRAWICK, et al.,** | } | | |
| Petitioners, | } | | |
| v. | } | Case No.: 2:19-cv-01199-ACA | |
| **JERRY D. McCUTCHEN, SR.,** | } | | |
| Respondent. | } | | |

## **MEMORANDUM OPINION**

This matter is before the court on Petitioners Jerry and Louise Trawick, Marilyn Bjornas, individually and as executor of the Estate of Richard Bjornas, and Chad and Michelle Greer's petition to confirm an arbitration award. (Doc. 1). Respondent Jerry D. McCutchen, Sr. filed a cross motion to vacate the arbitration award. (Doc. 7).[1]

Because the court finds no grounds for setting aside the arbitration award, the court **WILL GRANT** Petitioners' petition to confirm the award as to Mr. McCutchen and **WILL DENY** Mr. McCutchen's motion to vacate the award.

---

[1] The petition to confirm the arbitration award also named as Respondents Berthel Fisher & Company Financial Services, Inc., Thomas Bethel, Ronald Brendengen, and Richard Murphy. Consistent with Petitioners' notice of voluntary dismissal, the court dismissed without prejudice Petitioners' case against these Respondents. (Docs. 4, 5, 6). This memorandum opinion and the corresponding order concern Petitioners' request for relief only as to Mr. McCutchen.

I.   **RELEVANT BACKGROUND**

In 2017, Petitioners filed a claim for arbitration before the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution. (Doc. 1-1 at 2). Petitioners asserted causes of action against Mr. McCutchen and other Respondents for a variety of state and federal law claims related to Petitioners' investment in equipment leases, direct participation programs, and real estate investment trusts. (Doc. 1-1 at 3).

Mr. McCutchen filed a motion to dismiss Petitioner's statement of claim as ineligible under Rule 12206 of the Code of Arbitration Procedure, arguing that the claims were barred by the applicable six-year statute of limitations. (Doc. 1-1 at 4). The arbitration panel denied the motion with leave to raise the argument again at the close of Petitioners' case-in-chief at the evidentiary hearing. (Doc. 1-1 at 4). Mr. McCutchen orally renewed his Rule 12206 motion at the close at the conclusion of Petitioners' case. (Doc. 1-1 at 4). The panel denied the renewed motion to dismiss on the record at the evidentiary hearing. (Doc. 1-1 at 4).

In July 2019, the arbitration panel entered an award in favor of Petitioners and against Respondents. (Doc. 1-1 at 2–10).

During 2019, the arbitration panel chairman ("Chairman") in this matter also served as an arbitrator in an another FINRA arbitration, *Otto, et al. v. Berthel,*

*Fisher & Company Financial Services, Inc., et al.* ("Otto" arbitration). (*See* Doc. 17 at 4). Mr. McCutchen is a party Respondent in the Otto arbitration. (*See id.*).

In October 2019, the Chairman supplemented his arbitrator disclosures in the Otto arbitration to note that a company named Capital Forensics retained him to participate in a mock arbitration involving an unrelated party and law firm. (Doc. 19-2 at 4). Capital Forensics is the firm that employed Mr. McCutchen's expert witnesses in both this arbitration and the Otto arbitration. (*See* Doc. 15 at 3; Doc. 19-3 at 3).

The mock arbitration took place in mid-October 2019, three months after the arbitration panel in this case entered its award. (Doc. 1-1 at 8–10; Doc. 19-4 at 3). The Otto arbitration is ongoing, and Mr. McCutchen asked the Chairman to recuse from the Otto arbitration based on the Chairman's participation in the mock arbitration and his alleged interaction with a witness who would testify in the Otto arbitration. (Doc. 15 at 3–5). In December 2019, the Chairman withdrew as an arbitrator from the Otto panel, but his order makes no findings about any appearance of partiality or bias. (Doc. 17 at 4).

## II. DISCUSSION

When a party petitions a court for an order confirming an arbitration award, the court must grant the motion unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. "It is well settled that judicial review of an arbitration award is

narrowly limited." *Davis v. Prudential Securities, Inc.*, 59 F.3d 1186, 1190 (11th Cir. 1995). The Federal Arbitration Act "presumes that arbitration awards will be confirmed and enumerates only four narrow bases for vacatur." *Id.* Relevant here, those bases include "where there was evident partiality or corruption in the arbitrators, or either of them" or "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(2), (4). A party seeking to vacate an arbitration award has the burden of proving one of the statutory bases for vacatur. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1289 (11th Cir. 2002).

Mr. McCutchen asks the court to vacate the arbitration award on two separate grounds. First, Mr. McCutchen claims that the arbitrators exceeded their authority by failing to follow the rules of arbitration in ruling on his motion to dismiss. (Doc. 7 at 1–2). Second, Mr. McCutchen argues that the arbitration panel chairman had a conflict of interest. (Doc. 15 at 1–2). The court addresses both arguments in turn.

### 1. The Arbitration Panel Did Not Exceed its Authority Under §10(a)(4)

In his cross motion to vacate the arbitration award, Mr. McCutchen states that the "arbitrators exceeded their authority." (Doc. 7 at 1). Mr. McCutchen argues that the arbitrators did not follow the rules of arbitration and "made a mistake" when they denied his motion to dismiss Petitioners' claims as barred by

4

the applicable statute of limitations under Rule 12206. (Doc. 7 at 1–2). Mr. McCutchen does not cite the statutory basis for vacatur upon which he relies, but the court construes Mr. McCutchen's request for relief as one under 9 U.S.C. § 10(a)(4) which allows vacatur where "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Because "arbitrators derive their powers from the parties' agreement," the court looks "to the terms of the governing arbitration clause to determine the powers of the arbitration panel." *Cat Charter, LLC v. Schurtenberger,* 646 F.3d 836, 843 (11th Cir. 2011). Vacatur is appropriate under § 10(a)(4) if an "arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 (2010) (quotation marks omitted; alteration in original).

Mr. McCutchen has neither argued nor demonstrated that the arbitrators did not have authority, pursuant to the arbitration agreement, to decide the legal question of whether Petitioners' claims were timely under Rule 12206. (*See* Doc. 7 at 1–2). Instead, Mr. McCutchen disagrees with the arbitrators' legal ruling, which even if incorrect, does not permit the court to set aside the arbitration award. *See White Springs Agricultural Chemicals, Inc. v. Glawson Investments Corp.*, 660

5

F.3d 1277, 1280 (11th Cir. 2011) ("[A] panel's incorrect legal conclusion is not grounds for vacating or modifying the award."); *see also Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1324 (11th Cir. 2010) (even if an arbitrator manifestly disregards the law, a district court cannot vacate the arbitration award).

Accordingly, the court **WILL DENY** Mr. McCutchen's request to vacate the arbitration award to the extent Mr. McCutchen argues that the arbitration panel exceeded its authority when it denied his motions to dismiss Petitioners' claims.

<u>2.    The Panel Chairman's Actions do not Amount to Evident Partiality Under § 10(a)(2)</u>

Mr. McCutchen argues that the court must vacate the arbitration award because the panel Chairman's participation in the mock arbitration created "a significant, undisclosed conflict of interest." (Doc. 15 at 1).[2] Again, Mr. McCutchen does not cite the specific statutory basis for vacatur upon which he relies, but the court construes Mr. McCutchen's request for relief as one under 9 U.S.C. § 10(a)(2) which permits vacatur where there is "evident partiality" among the arbitrators.

---

[2] Mr. McCutchen raised this argument for the first time in his reply brief in support of his cross motion to vacate and in an addendum to his cross motion to vacate. (Doc. 15 at 1–2; Doc. 17). The court could deny relief on this ground for this reason alone because "[a]rguments raised for the first time in a reply brief are not properly before the reviewing court." *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984). However, out of an abundance of caution, and given Mr. McCutchen's *pro se* status, the court gave Petitioners an opportunity to respond to Mr. McCutchen's conflict of interest argument. (Docs. 18, 19). Therefore, the court has considered the argument but finds that it does not warrant vacatur of the arbitration award.

Given the federal policy favoring arbitration, the court must "strictly construe" the "evident partiality" exception outlined in § 10(a)(2). *Gianelli Money Purchase Plan and Trust v. ADM Investor Services, Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998). The court may vacate an award due to "evident partiality" only when "either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." *Id.* Mr. McCutchen has the burden of proving "facts which would establish a reasonable impression of partiality." *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1201 (11th Cir. 1982). Mr. McCutchen has not satisfied his burden.

First, Mr. McCutchen has not shown that an actual conflict exists. An actual conflict requires "a factual finding, supported by the evidence in the record, that" the arbitrator was "actually biased against" the party seeking vacatur. *Gianelli*, 146 F.3d at 1313. As an initial matter, Mr. McCutchen does not even suggest that an actual conflict exists. Instead, he argues that the Chairman's engagement by his experts' firm to participate in the mock arbitration created only an "appearance of bias." (Doc. 15 at 2). Moreover, Mr. McCutchen has submitted no evidence from which the court could conclude that the Chairman was "actually biased" against him. Assuming that the Chairman's conduct created an actual conflict (and there is no evidence to suggest this is case), the Chairman would be biased against

7

Petitioners, not Mr. McCutchen. It is Mr. McCutchen's experts who have a connection to the Chairman. If that connection created a financial incentive to rule in favor of a party, it would be Mr. McCutchen because it is his experts' firm who has ties to the Chairman.

Even if the Chairman's participation in mock arbitration resulted some perceived bias against Mr. McCutchen, as explained below, Mr. McCutchen has produced no evidence demonstrating that the Chairman was employed by his experts' firm during the pendency of this arbitration proceeding. Therefore, any alleged partiality on the part of the Chairman is too "remote, uncertain, and speculative" to lead a reasonable person to conclude that he was actually biased against Mr. McCutchen. *See Middlesex*, 675 F.2d at 1202 (quotation marks omitted).

Second, Mr. McCutchen has not shown that the arbitrator knew of, but failed to disclose, information which would lead a reasonable person to believe that a potential conflict existed. Without citing any evidence, Mr. McCutchen claims that the Chairman was employed by his experts' firm "just before" the panel's ruling in July 2019. (Doc. 15 at 2). Mr. McCutchen's own briefing in the Otto arbitration belies this assertion. In the motion to recuse filed in the Otto case, Mr. McCutchen stated that he "did not know whether discussions between [the Chairman] and [his experts' firm] began before" the Chairman executed the

8

arbitration award in this matter. (Doc. 15 at 4). Because Mr. McCutchen has not shown that his experts' firm retained the Chairman or even had conversations with the Chairman before the July 2019 award was entered, Mr. McCutchen cannot demonstrate that the Chairman knew of, but failed to disclose information that would lead a reasonable person to believe that a potential conflict existed.

Accordingly, the court **WILL DENY** Mr. McCutchen's request to vacate the arbitration award to the extent Mr. McCutchen argues that the Chairman had a conflict of interest.

## III. CONCLUSION

For the reasons explained above, the court **WILL GRANT** Petitioners' petition to confirm the arbitration award. (Doc. 1). The court **WILL DENY** Mr. McCutchen's motion to vacate the arbitration award. (Doc. 7).

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this January 29, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE