FILED
2021 Mar-08  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERRY TRAWICK, et al.,** | } | |
| | } | |
| **Petitioners,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:19-cv-01199-ACA** |
| | } | |
| **JERRY D. McCUTCHEN, SR.,** | } | |
| | } | |
| **Respondent.** | } | |

## MEMORANDUM OPINION AND ORDER

This action to confirm an arbitration award is in the collection of judgment phase.  The court previously entered an order confirming an arbitration award in favor of Petitioners Jerry and Louise Trawick, Marilyn Bjornas, individually and as executor of the Estate of Richard Bjornas, and Chad and Michelle Greer ("Petitioners") and against Respondent Jerry McCutchen.  The court issued a corresponding judgment against Mr. McCutchen, and Petitioners are attempting to collect on that judgment.

Petitioners sought, and the Clerk entered, a writ of garnishment to Concorde Investment Services, LLC ("Concorde").  (Doc. 35).  Concorde answered the writ and explained that it holds an investment account in Mr. McCutchen's name.  (Doc. 50 at 1).

Currently before the court is Petitioners' motion to order funds paid to the court.  (Doc. 50).  Petitioners ask the court to enter an order directing Concorde: (1) to liquidate the investment account up to the amount that Mr. McCutchen owes on the judgment plus an additional amount as attorney's fees and expenses, and (2) to deposit the funds with the Clerk.  (*Id.* at 2–3).

Mr. McCutchen objects to Petitioners' motion, arguing that the funds in the Concorde investment account are exempt from garnishment under Alabama Code § 19-3B-508 because the Concorde investment account qualifies as an individual retirement account ("IRA") under section 408 of the Internal Revenue Code.  (Docs. 51, 57, 57-1).

Because Mr. McCutchen has established that the Concorde investment account is exempt from garnishment and because Petitioners have not presented admissible evidence to contest Mr. McCutchen's claim of exemption, the court **DENIES** Petitioners' motion to order funds paid to the court.

## I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

In January 2020, the court confirmed an arbitration award in favor of the Petitioners and against Mr. McCutchen.  (Doc. 20).  The court entered a final judgment finding Mr. McCutchen jointly and severally liable for just over $1,000,000.00    (Doc. 20).  As of June 2020, Mr. McCutchen still owed approximately $150,000.00 plus interest on the judgment.  (Doc. 34 at 2–3).  The

Clerk issued a writ of garnishment to Concorde.  (Doc. 35).  Concorde answered the writ and stated that it maintained one account in which Mr. McCutchen may have an interest.  (Doc. 45 at 2).  When Concorde answered the writ, the value of the Mr. McCutchen's Concorde investment account was $210,815.09, subject to market fluctuations.  (*Id.*).

Petitioners then filed a motion asking the court to order Concorde to liquidate the investment account up to the $150,552.66 plus daily interest that Mr. McCutchen owes Petitioners and an additional $9,880.65 as attorney's fees and expenses and to deposit those funds with the Clerk.  (Doc. 50).  Mr. McCutchen opposes the motion and asks the court to release the garnishment because he claims that the Concorde investment account is an IRA subject to exemption from garnishment under Alabama Code § 19-3B-508.  (Docs. 51, 57, 57-1).

## III.   DISCUSSION

Federal Rule of Civil Procedure 69 provides that the practice and procedure of the state in which the federal district court sits governs execution of judgments. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution—and in proceedings supplementary to and in aid of a judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies").   Accordingly, the court applies Alabama law to the writ in question to the extent it does not conflict with a relevant federal law.

Under Alabama law, after receiving notice of a writ of execution, a judgment debtor may file a written declaration claiming an exemption which the court considers as prima facie correct unless a judgment creditor successfully contests the claimed exemption. Ala. Code §§ 6-10-10, 6-10-23, 6-10-24; Ala. R. Civ. P. 69(d). To contest a claim of exemption, a judgment creditor must file an affidavit explaining the basis for its belief that the claim to exemption is wholly or partially invalid. Ala. Code §§ 6-10-25 and 6-10-26. The purpose of Alabama's exemption laws "is to protect the debtor and his family from being deprived of the items necessary for subsistence, and possibly to prevent them from becoming a burden upon the public." *Ex parte Avery*, 514 So. 2d 1380, 1382 (Ala. 1987). Accordingly, in the context of garnishment, the court "should be concerned with the rights of the debtor, as the creditor is almost always in a better position to protect its interests." *Id.*

Here, Mr. McCutchen claims that his Concorde investment account is exempt from execution under Alabama Code § 19-3B-508. (Docs. 51, 57, 57-1). Section 19-3B-508 provides that qualified trusts under the Internal Revenue Code may not be garnished. Ala. Code §§ 19-3B-508(a)(1), (a)(4), (b). And for purposes of the statute, a qualified trust includes IRAs as described in Section 408 of the Internal Revenue Code. *Id.* at § 19-3B-508(a)(4). That section of the Internal Revenue Code

4

provides that a trust is an IRA if its written governing instrument meets the following requirements:

> (1) Except in the case of a rollover contribution described in subsection (d)(3) or in section 402(c), 403(a)(4), 403(b)(8), or 457(e)(16), no contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year on behalf of any individual in excess of the amount in effect for such taxable year under section 219(b)(1)(A).

> (2) The trustee is a bank (as defined in subsection (n)) or such other person who demonstrates to the satisfaction of the Secretary that the manner in which such other person will administer the trust will be consistent with the requirements of this section.

> (3) No part of the trust funds will be invested in life insurance contracts.

> (4) The interest of an individual in the balance in his account is nonforfeitable.

> (5) The assets of the trust will not be commingled with other property except in a common trust fund or common investment fund.

> (6) Under regulations prescribed by the Secretary, rules similar to the rules of section 401(a)(9) and the incidental death benefit requirements of section 401(a) shall apply to the distribution of the entire interest of an individual for whose benefit the trust is maintained.

26 U.S.C. § 408(a).

Mr. McCutchen submitted an affidavit in which he attests that he is the sole source of income held in the Concorde IRA and that all of his contributions, except for rollovers, have been cash contributions.  (Doc. 57-1 at 3 ¶ 5).  Mr. McCutchen also states that the non-bank trustee—Pershing, LLC—"is a certified clearing housing that has been approved to act as a trustee of an IRA and handles more than

¾ of the qualified funds in the United States." (*Id.*).  In addition, the Concorde IRA is not an inherited or beneficiary IRA, and Mr. McCutchen has not commingled the Concorde IRA with other assets or invested any of the Concorde IRA funds in life insurance contracts.  (*Id.*).

Based on Mr. McCutchen's affidavit, the Concord IRA meets the requirements of Section 408 of the Internal Revenue code, and the court considers Mr. McCutchen's claim of exemption as prima facie correct.  Ala. Code §§ 6-10-10, 6-10-23.  Therefore, the court must determine whether Petitioners have properly contested the claimed exemption.  *Id.* at § 6-10-24.  Setting aside that Petitioners have not presented an affidavit, *see* Ala. Code § 6-10-24, or any other form of admissible evidence specifying why the claim of exemption is invalid, the court finds that all of Petitioners' arguments challenging the claimed exemption fail.

First, Petitioners claim that inherited IRAs are not subject to exemption.  (Doc. 54 at 2 ¶ 4).  But the undisputed evidence is that Mr. McCutchen's Concorde IRA is not an inherited IRA.  (Doc. 57-1 at 3 ¶ 5).

Second, Petitioners assert that any contributions to the Concorde IRA over annual contribution limits are not exempt from garnishment.  (Doc. 54 at 2 ¶ 5; Doc. 58 at 2 ¶ 4).   Petitioners cite no legal authority for the proposition that any contributions over the annual limits would not be exempt.  But even if those contributions would lose exempt status, Section 408 of the Internal Revenue Code

6

expressly provides that "contributions *will not be accepted* for the taxable year on behalf of any individual in excess" of annual contribution limits. 26 U.S.C. § 408(a)(1) (emphasis added).  Therefore, as a practical matter, if Mr. McCutchen had tried to make contributions over the yearly limits, the trustee would not have accepted them.  Moreover, despite an opportunity to conduct post-judgment discovery during which Petitioners could have subpoenaed documents associated with Mr. McCutchen's Concorde IRA, they have provided no evidence that Mr. McCutchen did or even could have contributed more than allowed by law to the IRA.

Third, Petitioners argue that only IRAs administered according to their establishing documentation enjoy exempt status.  (Doc. 54 at 2 ¶ 6, citing *In re Yerian*, 927 F.3d 1223 (11th Cir. 2019)).  The case that Petitioners cite for this proposition is an Eleventh Circuit opinion analyzing Florida's statutory IRA exemption requirements, one of which is that the IRA is maintained in accordance with its plan or governing instrument.  *Yerian*, 927 F.3d at 1229 (citing Fla. Stat. § 222.21(2)(a)(2)).  Alabama Code § 19-3B-508 does not contain a similar requirement.  Therefore, this argument is inapposite.

Fourth, Petitioners argue that Mr. McCutchen purposely obscures the original source of his contributions to the Concorde IRA.  (Doc. 58 at 2 ¶ 5).  The court acknowledges that the supporting documentation that Mr. McCutchen attached to his affidavit appear to reflect an additional IRA that he rolled over into the Concorde

IRA but that is not referenced in the affidavit.  (*Compare* Doc. 57-1 at 1–3 *with* Doc. 57-1 at 27, 30, 69–70, 74).  And as Petitioners point out, the balances of the Concorde IRA suggest that there may be money for which the affidavit does not account. (*Compare* Doc. 57-1 at 1–3 *with* Doc. 57-1 at 55, 74, 79, 89, 99).   Nevertheless, these gaps or inconsistencies do not contradict Mr. McCutchen's sworn statement that all of his contributions to the Concorde IRA have been rollover contributions or cash contributions.  (*See* Doc. 57-1 at 3 ¶ 5). And Petitioners have presented no evidence to create a dispute a fact on this point. Accordingly, Petitioners have not shown that the source of the contributions is improper.

Fifth, Petitioners suggest that the Concorde IRA is not exempt because Mr. McCutchen's daughter opened the IRA, and the IRA is admittedly self-directed. (Doc. 58 at 6 ¶ 15).  Petitioners cite no authority in support of this argument.  And Petitioners have identified nothing in Alabama Code § 19-3B-508 or Section 408 of the Internal Revenue Code that limits who may open an IRA or that restricts who may direct or control the way in which the funds are managed.

## IV.   CONCLUSION

For the reasons stated above, the court **DENIES** Petitioners' motion to order funds paid to the court (doc. 50) and releases the writ of garnishment for the Concorde IRA (doc. 35).

**DONE** and **ORDERED** this March 8, 2021.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE